Weiland Unemployment Compensation Case.

Argued September 29, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Robert C. McAdoo*, with him *Duane, Morris & Heckscher*, for appellant.

*William L. Hammond*, Special Deputy Attorney General, with him *Roland M. Morgan*, and *Charles J. Margiotti*, Attorney General, for appellee.

OPINION BY RENO, J., November 14, 1950:

In this unemployment compensation case the board refused appellant's claim for benefits because she was not available for and failed to accept suitable work.

The undisputed facts are: Claimant had been employed for six years prior to January 7, 1949, when she was laid off for lack of work. Her job was that of packing crayons by hand for shipment. She worked four and one-half days per week. She is married and lives in Easton with her parents. Her husband is a lieutenant in the New York Fire Department where he maintains two small rooms. He works approximately two days and is "off duty" for two days. On his "off days" he either drives to claimant's home in Easton or she joins him in New York.

On May 3, 1949, having been without work for four months, claimant was referred to Montgomery-Ward in Easton for a position as switchboard operator at the prevailing rates.[1] The hours were from 9:30 a.m. to

---

[1] Although the rate of pay was considerably lower than claimant formerly earned, it is not contended the work was unsuitable for that reason.

5:30 p. m., Monday through Thursday; Friday to 8:30 p. m. and Saturday to 6:00 p.m. The record discloses that during the interview claimant informed her prospective employer she would take two days off whenever her husband was home for those days, and as a result she talked herself out of the job. Appellant contends she told the interviewer she would not "like to work Friday nights and all day Saturdays and every night to six o'clock." It was not until the hearing before the board of review that she raised the question of "suitable work". Then she testified the proffered job called for a girl who knew shorthand and typing and she did not get the position because she was not qualified for this type of work.[2]

The board conceivably could have found the work was not suitable. However, its finding that claimant was not hired because of the restriction she placed upon the hours she was willing to work and her lack of interest in the job is warranted by substantial and competent evidence. The credibility of witnesses, the weight to be given their testimony and the reasonable inferences to be drawn from it are for the board. Where the decision of the board is against the party having the burden of proof, in this case the claimant, the question before the appellate court is whether the board's findings of fact are consistent with each other and with its conclusion of law and its order, and can be sustained without a capricious disregard of the competent evidence; unless the answer is in the negative, the order must be affirmed. *Lavely Unemployment Compensation Case,* 163 Pa. Superior Ct. 66, 60 A. 2d 352.

The record supports the board's conclusion that claimant did not evince a genuine desire to be employed. She was referred by the local employment of-

---

[2] Claimant had studied typing at high school and was practicing at home.

fice for seven different positions. On one occasion the referral was factory work and claimant was not hired because she stated she would not be available until the following Monday as her clothes were in New York and also that she desired office work. Another time the opening was for a typist and claimant stated she was not interested in office work.

The test of availability requires claimant at all times to be ready, able and willing to accept suitable employment, temporary or full time. *Mattey Unemployment Compensation Case,* 164 Pa. Superior Ct. 36, 63 A. 2d 429. A claimant who refuses to accept suitable work without good cause is ineligible to receive compensation. Unemployment Compensation Law of December 5, 1936, P. L. 2897, §402, 43 PS §802, as amended. As we said in *Brilhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 569, 49 A. 2d 260: "There can be no good cause which does not rest in good faith. Good faith, in this context, embraces not only the merely negative virtue of freedom from fraud but also positive conduct which is consistent with a genuine desire to work and to be self-supporting." Certainly claimant's passive attitude was indicative of want of good faith. See *Haug Unemployment Compensation Case,* 162 Pa. Superior Ct. 1, 56 A. 2d 396.

There is sufficient competent evidence to sustain the board's findings that claimant refused to accept suitable work without good cause and was not available for work within the meaning of §§401(d) and 402(a) of the Law, supra. Such findings are binding upon us. *Mooney Unemployment Compensation Case,* 162 Pa. Superior Ct. 183, 56 A. 2d 386; *D'Yantone Unemployment Compensation Case,* 159 Pa. Superior Ct. 15, 46 A. 2d 525; Unemployment Compensation Law, supra, §510, 43 PS §830.

Decision affirmed.