Wishkoff Unemployment Compensation Case.

Argued March 21, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*Sidney Finkelstein,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General and *Roland M. Morgan,* Associate Counsel, for appellee.

PER CURIAM, July 19, 1951:

In this unemployment compensation case the claimant was denied benefits,—the bureau, referee and board each finding that she had voluntarily left work without good cause.

The claimant worked for this employer about eighteen months, during which period she had been "off quite frequently." She desired to undergo plastic surgery to correct a "saddle nose," a condition which had existed for some 31 years. She arranged to undergo such surgery on October 10, 1949, and this with the consent of her employer. The claimant's mother died on October 4, and she obtained a leave of absence until October 17. She did not undergo the scheduled operation, but on October 14 advised her employer that she had arranged it for the 17th, and requested a further leave of absence for two weeks. Her employer asked her to delay the operation because of the difficulty of replacing her. She refused to do this, demanded her pay, and quit work. Upon competent evidence the board found that there was no emergency calling for the op-

eration, and therefore that no harm would have resulted from a delay.

While claimant contended her condition was "affecting her health" and "affecting her mentally," she produced no proof, medical or otherwise, to substantiate this, and the board refused to believe her.

The weight of the evidence was for the board, and with its conclusions we cannot disagree: *Weiland Unemployment Compensation Case,* 167 Pa. Superior Ct. 554, 76 A. 2d 457. Claimant failed to prove "necessitous or reasonable circumstances" for her leaving, and did not justify her action. The findings of the board, based as they were on sufficient competent evidence, are binding on this Court.

Decision affirmed.