Romiski Unemployment Compensation Case.

Argued March 12, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Robert Romiski,* appellant, in propria persona, did not argue the case or file a brief.

*William L. Hammond,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General and *Roland M. Morgan,* for appellee.

PER CURIAM, July 19, 1951:

In this appeal by claimant from the decision of the Unemployment Compensation Board of Review, denying his claims for unemployment compensation, claimant did not file a brief or appear when the case was called for argument, although he had been given due notice of the time and place. The appeal will be dismissed, as of course, under our Rule 58.

However, we have examined the record, and it appears that claimant, on his own testimony, was clearly ineligible for benefits.

Claimant was last employed as a machine operator by the Melody Shoe Corporation, Wilkes-Barre, Penn-

sylvania. He had worked there about three months, when he was laid off on March 28, 1950. He was advised that he would be recalled, but no definite date was fixed for his possible resumption of work. He had worked for the Glen Alden Coal Company, base year employer, from July 10, 1946, to August, 1949, as a mine laborer. On April 13, 1950, the latter company, by registered letter, instructed claimant to report to its Buttonwood Colliery for consideration of work placement. Claimant did not comply with the request. He filed a waiting week claim ending April 4, and continued claims for the weeks ending April 18 and 25 and May 2, 9, and 16, 1950. The bureau denied benefits for those weeks because claimant had failed to investigate the offer of work made by the Glen Alden Coal Company, holding that he was ineligible under the provisions of section 402 (a) of the Unemployment Compensation Law, as amended by the Act of May 23, 1949, P.L. 1738, 43 PS §802. The referee affirmed the decision of the bureau for the same reason. The Board on appeal affirmed the decision of the referee on a different ground. The Board found that claimant, during the claim weeks involved was not interested in obtaining work because he was then undergoing a series of medical treatments at the Veterans' Administration, which he could not have continued had he accepted employment; that he was not in the labor market; and that he was unavailable for suitable work within the meaning of section 401 (d) of the Unemployment Compensation Law, 43 PS §801. The Board held, however, that claimant was not disqualified under section 402 (a), as his physical condition on April 13, 1950, was such that he was physically incapable of returning to the strenuous work of a mine laborer, and that his refusal to return to such work was in good faith. Claimant had testified that he underwent an appendectomy in 1945, and

that he thereafter experienced trouble with his side as a result of which he was unable to perform the heavy work required of a mine laborer. He professed having the ability to do light work. He stated that a doctor had told him that he had adhesions and "a weak spot on my scar," and he exhibited an authorization from the Veterans' Administration to report to one of its hospitals for treatment. He further testified that his physical condition caused him to miss considerable time from work, when employed by the Glen Alden Coal Company, and that, as a result of his absences, the foreman notified him to either eliminate his absenteeism or quit his job. He quit his job. While he claimed to have filed one application for work during the month of April, and while he may have had expectations of being recalled by the Melody Shoe Corporation, it seems that claimant, by reason of his weekly medical treatments which he was receiving from the Veterans' Administration, was indifferent about finding work during the periods in question. He said in his testimony before the Board: "In April, May, I was reporting to the Veterans Administration and if I got a job and had to take a day off every week I wouldn't last long." And further: "If I had a job and had to report to the Veterans Administration, I would soon be laid off. Q. So you weren't looking for work during the period of filing these claims? A. No." It is a proper inference from his testimony that he considered it useless to look for any employment under the circumstances. The Board's finding that he was not available for suitable work is supported by substantial and competent evidence. *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 294, 77 A. 2d 886; *Devlin Unemployment Compensation Case,* 165 Pa. Superior Ct. 153, 67 A. 2d 639. The evidence clearly warrants the finding. The test of availability requires a claimant at all times to be ready, able, and willing to

accept suitable employment, temporary or full time. *Weiland Unemployment Compensation Case,* 167 Pa. Superior Ct. 554, 76 A. 2d 457; *Pinto Unemployment Compensation Case,* 168 Pa. Superior Ct. 540, 79 A. 2d 802. A claimant whose ability to work and availability for work are so limited, because of ill health, that he is not able to accept some substantial employment does not meet the requirements of section 401 (d). *D'Yantone Unemployment Compensation Case,* 159 Pa. Superior Ct. 15, 46 A. 2d 525.

Appeal is dismissed.