Barr Unemployment Compensation Case.

Argued October 9, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Herman Toll*, with him *Morton Craine*, for appellant.

*William L. Hammond*, Special Deputy Attorney General, with him *Robert E. Woodside*, Attorney General, for appellee.

OPINION BY ROSS, J., January 20, 1953:

In this unemployment compensation case the claimant, Elizabeth Barr, has appealed from a decision of the Board of Review. The claimant was employed by the Harris Printing House and was laid off on April 16, 1951 due to lack of work. She registered for work, filed application for benefits and received them for several weeks. The Board held that the claimant was not entitled to benefits after June 4, 1951 on the ground

that "she voluntarily terminated the employment relationship" with Harris, and she took this appeal.

After finding that the claimant on April 16, 1951 was laid off "due to lack of work", the Board made the following finding of fact: "2. On May 25, 1951 claimant was recalled by her former employer [Harris]. She was offered reinstatement of her former position and she agreed to report for work on May 28, 1951. However, she failed to report for work as agreed and the employer telephoned her in an effort to determine why she had failed to come in. She informed him at this time that she did not desire to return to work because she felt the job would not be steady enough." This finding is supported by substantial competent evidence and is therefore conclusive. Consequently, the only question before us is whether the claimant was legally justified in refusing to return to her employment because she felt the job would not be permanent. There is no question of suitability of the work.

The employer testified that when the claimant was recalled her employment might "have lasted two or three weeks, or six months and I couldn't tell her at the time, and since I couldn't give her a definite answer that was her refusal" to return to her employment. Assuming that the work offered to the claimant was only temporary, she forfeited her right to unemployment benefits by failing to accept it. A claimant for benefits must at all times be ready, able and willing to accept suitable employment, *temporary* or permanent. *Weiland Unemployment Compensation Case,* 167 Pa. Superior Ct. 554, 76 A. 2d 457; *Mattey Unemployment Compensation Case,* 164 Pa. Superior Ct. 36, 63 A. 2d 429; *Romiski Unemployment Compensation Case,* 169 Pa. Superior Ct. 106, 82 A. 2d 565.

Decision affirmed.