Grubman Unemployment Compensation Case.

Argued March 16, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT and ERVIN, JJ.

*K. T. Trommer*, with him *Edward Davis*, for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY RHODES, P. J., July 13, 1954:

This is an appeal by claimant from the decision of the Unemployment Compensation Board of Review affirming the decision of the referee that claimant was ineligible for compensation under section 402(a) of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended, 43 PS § 802(a). That section provides as follows: "An employe shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any employer: . . ."

Claimant had been employed by Wilbur-Rogers, a woman's apparel shop in Philadelphia, as manager at a salary of $90 a week for approximately nine years. On February 14, 1953, claimant was discharged from her employment with two weeks' vacation pay. At the time of claimant's severance from her employment, she was pregnant, and she would have been unable to work after July, 1953. Claimant filed a waiting-week claim for the week ending March 8, 1953, and weekly claims thereafter up to and including the last week in July. Compensation was granted to claimant to March 29, 1953, when further payments were denied. The denial of compensation was due to the fact that claimant refused to accept a referral to suitable work without good cause. The referral was to be for a position as a sales person in a department store at a salary of $50 per week. The goods to be sold was similar in kind to that sold in the department managed by claimant when em-

ployed by Wilbur-Rogers. Claimant had had experience in selling as well as in managing. Claimant filed a written voluntary statement with the bureau in which she stated: "I was a manager for 9 years—and my status along that line would be jeopardized under the circumstances if I would look for sales position."

"Suitable Work" is defined by section 4 (t) of the Unemployment Compensation Law, 43 PS § 753, as "all work which the employe is capable of performing." This section also sets forth the standards to be applied in determining whether or not any work is suitable for an individual. Among those to be given consideration are "the degree of risk involved to his health," "his physical fitness," "the length of time he has been unemployed," "the prospect of obtaining local work in his customary occupation," and "his previous earnings." In view of the limitation upon claimant's employability because of her pregnancy, what would constitute suitable work necessarily must depend on the circumstances. It appears from the testimony that no managerial position was immediately obtainable; that employment as a sales person was available; and that sales work could have been secured for the claimant, but that claimant would not take such employment even on a temporary basis.

Claimant's availability for work extended to July, a period of four months, at the time the referral to the sales position was to be made. She had been unemployed for a period of six weeks. Because of her limited availability, claimant could not command her former position on the labor market, and it was incumbent upon her to accept other suitable work. Since claimant had had sales experience, a sales position was "suitable work" within the meaning of section 4 (t) of the Unemployment Compensation Law. As said in *Misinkaitis Unemployment Compensation Case*, 169 Pa. Superior

Ct. 124, 128, 82 A. 2d 74, 76: "It is very unlikely that [the claimant], limiting as he did his availability for work to a period of two to five weeks, could discover an employer willing to pay him wages commensurate with those paid by his former employer, no matter how much time was devoted to the search."

A claimant must have some necessitous and compelling reason for refusing employment in order to remain eligible for benefits under the provisions of the Law. *Filchock Unemployment Compensation Case,* 164 Pa. Superior Ct. 43, 63 A. 2d 355. "There must be substantial causes, founded in real circumstances, that will bear the test of reason; and mere conjecture will never suffice": *Suska Unemployment Compensation Case,* 166 Pa. Superior Ct. 293, 296, 70 A. 2d 397, 399. Claimant's refusal of work as a saleslady based upon her belief that she would jeopardize her status in obtaining future managerial employment is not a sufficient justification for refusing such a referral, under the circumstances, and cannot be said to be based upon good cause.

There is no merit in claimant's argument that there is not sufficient evidence to support the Board's findings, conclusions of law, and order. The evidence when considered as a whole fully sustains the findings of fact and conclusions of the Board.

Decision is affirmed.