Hrebar Unemployment Compensation Case.

Argued March 14, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

No one appeared or filed a brief for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY HIRT, J., July 21, 1955:

Claimant, Louis J. Hrebar, has appealed from the disallowance of unemployment compensation benefits

by the Board of Review. From the findings of the Referee, amply supported by the evidence, which the Board affirmed, these facts appear: Claimant was last employed by Mary Elizabeth Coal Company. His last day of work was November 15, 1953. He was then laid off after earning a total of only $16.85. Prior to his employment with the coal company claimant had worked for Bethlehem Steel Company for a period of two days, the last of which was April 30, 1953. On that date he became ill and was unable to continue his work because of a recurrent attack of stomach ulcers. He was hospitalized for about two and one-half months and he received benefits of $26 per week ending on November 4, 1953, under a social insurance program of the company. Shortly thereafter claimant presented himself at the employment office of Bethlehem Steel Company and was instructed to procure a doctor's certificate indicating that he was physically fit for reemployment. Although work was available the claimant never returned and he never gave any reason for his failure to comply with the company regulation which required a medical certificate for reinstatement, under the circumstances.

Claimant was not eligible for benefits based solely on the termination of his employment with the Coal Company because what he earned in that employment was not eight times his weekly benefit rate, of $30, under §401(f) of the Unemployment Compensation Law. 43 PS §801. To make him eligible under that section of the Act, it was necessary for claimant to establish that his final separation from his preceding employment was valid.

Claimant's prior employment with Bethlehem Steel Company cannot avail him in seeking benefits. He was not discharged; neither was he laid off when he left his work because of illness on April 30, 1953. And he

could have retained his employment status by complying with the company regulation requiring him to submit a medical certificate to the effect that he was physically able to work, on his return after his sick leave. The requirement was neither arbitrary nor unreasonable and since claimant did not comply with the regulation, the Board was justified in concluding that he had voluntarily terminated his employment without good cause within the purvue of §402(b), 43 PS §802, and that he therefore was ineligible under §401(f).

If claimant was physically able to work the burden was on him to establish good cause for voluntarily disqualifying himself for reinstatement in his employment with Bethlehem Steel Company. *Wescoe Unemployment Compensation Case,* 166 Pa. Superior Ct. 355, 71 A. 2d 837. The vitalizing element of good cause is good faith. *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898. And we have consistently recognized that "Good faith, in this context, embraces not only the merely negative virtue of freedom from fraud but also positive conduct which is consistent with a genuine desire to work and be self-supporting": *Brilhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 49 A. 2d 260; Cf. *Weiland Unemployment Compensation Case,* 167 Pa. Superior Ct. 554, 76 A. 2d 457; *Michalsky Unemployment Compensation Case,* 163 Pa. Superior Ct. 436, 62 A. 2d 113; *Allen Unemployment Compensation Case,* 174 Pa. Superior Ct. 514, 102 A. 2d 195. In the present case the claimant failed to produce a medical certificate which in accordance with a reasonable regulation of the Bethlehem Company was essential to his reemployment.

Under the findings of the Board supported as they are by competent evidence, we are bound to conclude as a matter of law that the claimant was ineligible for

benefits. *Stillman Unemployment Compensation Case,* 161 Pa. Superior Ct. 569, 56 A. 2d 380.

Decision affirmed.