## Raiskin Unemployment Compensation Case.

Argued March 18, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Edmund P. Hannum,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., April 16, 1958:

This is an unemployment compensation case in which the claimant was denied compensation because she refused employment as a typist.

Section 402(a) of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, 43 PS §802(a) provides that "An employe shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him . . ."

"Suitable work" is defined to mean "all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual,

the department shall consider the degree or risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence." Section 4(t) of the Unemployment Compensation Law, supra, 43 PS §753(t).

The claimant had registered as a typist and bookkeeper with Manpower, Inc., a corporation engaged in the business of supplying various services, including temporary clerical and office employees to other individuals, firms and organizations. She accepted two short assignments as a typist. She then accepted a position as a bookkeeper earning $1.75 per hour. Subsequently, she received a position as a bookkeeper at $2 per hour. After three months she left this employment to have a surgical operation. When she was able to return to work, she registered for employment, and eight days later was offered an assignment by Manpower, Inc. as a typist at $1.30 per hour. She refused to accept the proffered employment because she desired to do bookkeeping.

The only question presented to us is whether she is barred from receiving unemployment compensation because of a refusal to accept suitable work. The bureau held she was not entitled to compensation; the referee held she was; the board reversed the order of the referee and denied her compensation. She appealed to this Court.

Under the circumstances of this case, we think the board was correct in holding that her refusal to accept the proffered employment makes her ineligible for compensation. *Grubman Unemployment Compensation Case,* 175 Pa. Superior Ct. 488, 107 A. 2d 186 (1954); *Nygren Unemployment Compensation Case,* 184 Pa. Superior Ct. 138, 132 A. 2d 727 (1957); *Wolovich Unemployment Compensation Case,* 169 Pa. Superior Ct. 356, 82 A. 2d 64 (1951); *Sweeney Unemployment Compensation Case,* 177 Pa. Superior Ct. 243, 110 A. 2d 843 (1955); *Toporovich Unemployment Compensation Case,* 179 Pa. Superior Ct. 36, 116 A. 2d 78 (1955).

The claimant did not have good cause for refusing the job referral made by Manpower, Inc. "There can be no good cause which does not rest on good faith." *Brilhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 569, 49 A. 2d 260 (1946). "Good faith, in this context, embraces not only the merely negative virtue of freedom from fraud but also positive conduct which is consistent with a genuine desire to work and to be self-supporting." *Hassey Unemployment Compensation Case,* 162 Pa. Superior Ct. 14, 17, 56 A. 2d 400 (1948); *Vernon Unemployment Compensation Case,* 164 Pa. Superior Ct. 131, 63 A. 2d 383 (1949).

A claimant who seeks benefits must at all times be ready and willing to accept suitable employment from the employment office, or from any employer, and must have substantive and reasonable grounds for refusing offered work. *Sweeney Unemployment Compensation Case,* supra, 177 Pa. Superior Ct. 243, 110 A. 2d 843 (1955).

The record reveals that she did not wish to accept the type of work offered. "I did not intend to accept typing jobs as they do not pay well and I do not care to type," she said. "My actual reason for refusal was

the type of work . . . I won't do typing. I haven't done it for the last six months. I won't do it." The claimant's attitude was indicative of a want of good faith. Her failure to accept suitable work when offered by her former employer, Manpower, Inc., renders her ineligible for compensation benefits. *Weiland Unemployment Compensation Case,* 167 Pa. Superior Ct. 554, 76 A. 2d 457 (1950).

Decision of the Board is affirmed.