## Sciacca Unemployment Compensation Case.

Argued March 9, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Vincenzo J. Sciacca,* appellant, in propria persona, submitted a brief.

. *Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY ERVIN, J., April 16, 1959:

In this unemployment compensation case the board refused appellant's claim for compensation because he failed to accept suitable work under §402(a) of the Unemployment Compensation Law, 43 PS §802(a).

The only issue in this appeal is whether claimant had good cause for refusing the job offered to him by the bureau at the Hughesville Machine and Tool Co. The record reveals that the claimant, after being unemployed for 5 months and 12 days, refused a job offer because he did not want to travel the approximate 15 miles from his home to the referral employer's place of business. The claimant had private transportation and additional transportation in a car pool could have been arranged had he so desired. Under these circumstances, claimant's attitude was indicative of a want of good faith and his failure to accept suitable work thereby renders him ineligible for unemployment compensation benefits: *Weiland Unemployment Compensation Case,* 167 Pa. Superior Ct. 554, 76 A. 2d 457.

Although the claimant at the second hearing attempted to establish that he was not qualified for the

job because of his lack of ability to read blueprints, the record reveals that the employer would have been willing to accept him with this limitation and would have assisted him in learning how to read blueprints. The claimant also testified that there was no mention of the wages to be paid to him. The employer testified that he told him he would be able to start around $1.70 an hour and "depending on how well he would do, he would be raised up to $2.00 per hour if he were satisfactory." He was also told by the employer that the foreman of the sheet metal department was not well and eventually it would mean moving into that position if the claimant's work proved satisfactory.

Decision affirmed.