# DeArment Unemployment Compensation Case.

Argued April 13, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

L. Ivan Hudson, with him John D. Ray, and Ray, Good & Hudson, for appellant.

Sydney Reuben, Assistant Attorney General, with him Anne X. Alpern, Attorney General, for Unemployment Compensation Board of Review, for appellee.

OPINION BY WATKINS, J., June 15, 1960:

This is an unemployment compensation case in which the Bureau of Employment Security, the Referee and the Unemployment Compensation Board of Review all held that the claimant, William DeArment, was disqualified for benefits under the provisions of §402(a) of the Unemployment Compensation Law, 43 PS §802 (a).

Section 402 (a) of the Unemployment Compensation Law, supra, provides as follows: "Ineligibility for Compensation—An employe shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any employer irrespective of whether or not such work is in 'employment' as defined in this act: ...."

The claimant was last employed as a truck driver and earned $80 weekly. He was laid off on April 10, 1959. On May 13, 1959, he was offered a referral as a

salesman at $75 weekly, plus commission. The record shows that he made no effort to seek this job opening and his reasons were that he had not been successful when he previously worked as a salesman; he did not have the proper clothes and he felt his physical appearance was against him in sales work, as he weighed approximately 400 pounds. He had four years prior experience as a salesman.

Here, it is admitted that the claimant never stated to the employment authorities that he did not believe the referred job was suitable for him but he accepted the card and then failed to follow through with it. There may have been a question of suitability of the proffered job in this case if the claimant had shown good faith and his availability for work by following through on the referral. He may then have been in a position to establish to the satisfaction of the fact-finders that his weight problem made the referred job unsuitable. His failure to explore the possibility of a job in the referral of May 19, 1958, was indicative of a want of good faith, rendering him ineligible for unemployment compensation benefits. "A claimant who seeks benefits must at all times be ready and willing to accept suitable employment from the employment office, or from any employer, and must have substantive and reasonable grounds for refusing offered work." *Raiskin Unemployment Compensation Case*, 186 Pa. Superior Ct. 37, 40, 140 A. 2d 467 (1958) ; *Weiland Unemployment Compensation Case*, 167 Pa. Superior Ct. 554, 76 A. 2d 457 (1950) ; *Cohen Unemployment Compensation Case*, 189 Pa. Superior Ct. 140, 149 A. 2d 186 (1959).

Decision affirmed.