## Hart Unemployment Compensation Case.

Argued November 17, 1960. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (GUNTHER, J., absent).

*Thomas F. Lamb,* for appellant, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., December 14, 1960:

The appellant in this unemployment compensation case was disqualified for benefits by the Unemployment Compensation Board because he refused to accept suitable work when offered to him by the employment office. See §402(a) of the Unemployment Compensation Law, 43 P.S. §802(a).

The claimant had been employed as a driver and parcel delivery man at a salary of $60 per week. On March 27, 1959, he was involuntarily separated from his employment. As he was then over 65 years of age, he applied for social security benefits, and he and his wife were awarded $145.50 per month. At the same time, he registered for unemployment compensation and was awarded benefits. See *Gianfelice Unemployment Compensation Case,* 396 Pa. 545, 153 A. 2d 906 (1959).

On July 15, 1959, he was given a referral to a job opportunity with Thoma Drug Store, Pittsburgh, as a delivery truck driver. It appears that work was available from 25 to 40 hours a week. The appellant refused to accept the referral. He did not even contact the prospective employer to learn more about the job. Therefore, the bureau, and ultimately the board, denied further benefits to the claimant.

The board, having found that the claimant failed to accept suitable work when offered to him, properly denied benefits. See §402(a), supra.

The appellant claims that the work to which he was referred was not "suitable" because it was not full-time employment. He claims that he had earned $1000 in 1959 prior to his work separation,[1] and that, therefore, his social security would have been substantially reduced had he accepted the work referral. He would, he said, have accepted full-time employment. When given the work assignment, he was receiving from unemployment compensation and social security approximately $30 per month more than his salary had been prior to his retirement. Since a person who retires after 65 years of age can now collect both social security and unemployment compensation at the same time, there will be many cases where the beneficiary will receive a sum in excess of his prior full-time wage. See *Gianfelice Unemployment Compensation Case,* supra, 396 Pa. 545, 153 A. 2d 906 (1959). This, however, does not remove from such recipient of unemployment compensation his statutory duty to seek employment in good faith, and to accept suitable work when it is offered.

---

[1] He does not explain the inconsistency between the reported weekly wage of $60 per week to March 27, and the $1000.

42

There are numerous considerations in determining whether or not work is suitable for an individual. See §4(t) of the Unemployment Compensation Law, 43 P.S. §753(t). Although the relation between benefits and wages may be *one* of the considerations, the mere fact that benefits and social security payments together may exceed the wages to be received from proffered employment is not ground under the Unemployment Compensation Law for the beneficiary to refuse proffered employment. *Nygren Unemployment Compensation Case,* 184 Pa. Superior Ct. 138, 132 A. 2d 727 (1957). This is true whether the proffered employment is full time or part time—permanent or temporary. *Weiland Unemployment Compensation Case,* 167 Pa. Superior Ct. 554, 76 A. 2d 457 (1950).

If the claimant's conduct is not consistent with a genuine desire to work and to be self-supporting, he is not entitled to unemployment compensation. *Hassey Unemployment Compensation Case,* 162 Pa. Superior Ct. 14, 56 A. 2d 400 (1948).

The determination of suitable work is largely a question of fact for the board. *Hassey Unemployment Compensation Case,* supra. The evidence here supports the finding that the claimant refused suitable work, and the board properly denied compensation.

Decision affirmed.