## Fuller Unemployment Compensation Case.

Argued April 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*P. K. Motheral,* with him *Reed, Smith, Shaw & Mc-Clay,* for appellant.

*R. Carlyle Fee,* Asst. Special Deputy Attorney General, with him *Charles R. Davis,* Special Deputy Attorney General, and *James H. Duff,* Attorney General, for appellee.

OPINION BY RENO, J., April 17, 1946:

The board found that the claimant, Kathryn V. Fuller, had been employed by appellant, American Bridge Company, as a tacker at 93 cents an hour from March 8, 1944 to June 6, 1945, when she was laid off due to lack of work. She registered for work on June 11, 1945, and subsequently filed a waiting-week claim for the week ending June 17, 1945, and compensable claims for the weeks ending June 24, and July 1, 1945. On June 25, 1945, she was referred to a job as laborer with the Buhl Optical Company at 50 cents an hour "which she refused because of insufficiency of wages and because she expected to be called back to her former employer within two weeks". Thereupon the bureau denied her claim. Upon her appeal, the referee reversed the bureau, and his decision was affirmed by the board upon the employer's appeal. The employer brought the case here.

The board adopted the findings of the referee, which we have summarized, and additionally found: "During the period in question the United States Employment Service of the War Manpower Commission had no job opportunities [in and near Pittsburgh] for women at the rate of 93 cents an hour. The largest volume of positions paid wages at below 70 cents an hour." The board held: "We are convinced that in all cases a claimant should have a reasonable opportunity to obtain a position paying wages reasonable commensurate to those previously earned. Three weeks do not afford such opportunity."

The statute disqualifies a claimant who refuses to accept referred suitable employment without good cause. Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, §402 (a), 43 PS §802. Among the factors which shall be considered in determining whether work is suitable are: ". . . the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence." Id., §4 (t), as amended by the Act of May 29, 1945, P. L. 1145, §1, 43 PS §753.

These legislative standards impose upon the unemployment compensation authorities the duty to study economic conditions prevailing at the time work is offered, and to adjudicate claims in the light of that situation. The board's position is that in the unsettled conditions of the reconversion period workers should be afforded a reasonable time to find work in which they may utilize their highest skills at wages comparable to their previous earnings. What is a reasonable time depends, in this field of the law as in others, upon a vast number and variety of circumstances. The board has indicated that the time allowed to this claimant was not

reasonable in the onset of the reconversion period. Its counsel advised us that in the conditions prevailing at that time the board regarded one month as a reasonable period.

The determination of suitability of the work, like availability, is largely a question of fact, and ordinarily our review is limited to ascertaining whether the board's findings are supported by the evidence. Cf. *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 561; 45 A. 2d 898, 905. Appellant concedes that the evidence sustains the findings, and we cannot convict the board of an error of law in holding that in the circumstances a period of nineteen days did not allow claimant a reasonable time within which to secure suitable work, and that her refusal of the referred work was justified by good cause.

Decision affirmed.