Haug Unemployment Compensation Case.

Haug, Appellant, *v.* Unemployment Compensation Board of Review.

Argued September 30, 1947. Before RHODES, P. J., RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ. (HIRT, J., absent).

*H. H. Hadra,* with him *Robert H. Arronson,* for appellant.

*Roland M. Morgan,* with him *T. McKeen Chidsey,* Attorney General, and *Charles R. Davis,* Special Deputy Attorney General, for appellee.

OPINION BY RHODES, P. J., January 8, 1948:

This is an unemployment compensation case in which the bureau disqualified the claimant, the referee reversed the bureau, and the board of review reversed the referee, and entered an order disallowing compensation. In support thereof, the board of review specifically found the following facts: Claimant's last employment, with the Aldan Rubber Company as clerk inside the plant at a wage of ninety cents per hour, was terminated by lay-off on August 31, 1945. She had previous work experience as sales clerk in a dry goods store. On June 20, 1946, claimant was referred to the J. B. Smith Company (iron works), which offered a position placing nuts and bolts in vents at a wage of fifty-five cents per hour. After interviewing the prospective employer, claimant refused the position on the grounds that the wage rate was insufficient, and that the work was not in conformity with her prior training and experience. The board of review

concluded: "Inasmuch as the claimant had been unemployed approximately ten months at the time the work was offered to her, it is the opinion of this Board that she had been given ample opportunity to find employment of the standard she desired and, therefore, her refusal to accept the work offered was unwarranted." From the action of the board thus disqualifying her for compensation, claimant has taken this appeal.

The facts in the case are undisputed, and the only question presented is whether they form a sufficient basis for concluding that claimant was offered suitable work and that she refused it without good cause.

In the broad sense, "suitable work" is not synonymous with "want of good cause" in refusing work; rather, they are to be treated as separate and distinct concepts. *Barclay White Co. v. Unemployment Compensation Board of Review,* 356 Pa. 43, 48, 50 A. 2d 336. A claimant who refuses to accept referred suitable work without good cause is ineligible for compensation under the statute. Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, §402(a), as amended by the Act of May 29, 1945, P. L. 1145, §9, 43 PS §802. But in the present case, claimant has assigned as "good cause" for rejecting the proffered employment two factors which the Legislature has designated (among others) for consideration in reaching a determination as to whether or not particular work is "suitable": (1) Prior training and experience, and (2) previous earnings of the employee. Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, §4(r), as amended and relettered §4(t), by the Act of May 29, 1945, P. L. 1145, §1, 43 PS §753. Consequently, we are of the opinion that the finding of the board of review that claimant's refusal of the work was "unwarranted" or without "good cause" was also a finding by necessary implication that the proffered work was "suitable."

We have recognized that, where an employee is referred to a position which pays a wage materially lower

than the wage last earned, the employee may be justified in refusing such a referral while seeking employment at a rate of pay more commensurate with his previously demonstrated earning capacity. The right to decline work for this reason is not, however, without qualification; the employee is entitled only to a reasonable opportunity to obtain work at a satisfactory wage rate. In *Fuller Unemployment Compensation Case,* 159 Pa. Superior Ct. 74, 46 A. 2d 510, we held that in the circumstances nineteen days did not allow claimant a reasonable time within which to secure suitable work; and in *Davis Unemployment Compensation Case,* 159 Pa. Superior Ct. 77, 46 A. 2d 512, where claimant refused an offered employment because the salary was too low, we sustained the board in holding that, in the circumstances prevailing at the time the offered employment was refused, five days in which to find suitable work was not a reasonable time. In the present case it appears from claimant's own testimony that she made no attempt to obtain employment (except to ascertain that at the store where she had previously worked they did not need any additional help) between August 31, 1945, when she was laid off, and June, 1946, when she filed her second registration for work with the bureau and reopened her claim for a second benefit year. We believe that claimant had ample opportunity, of which she did not choose to avail herself, to seek and obtain employment at a rate of pay satisfactory to her. Her refusal of work at the lower rate, after the lapse of a ten-month period, was therefore without good cause.

Claimant also objected to the proffered work on the ground that it was not in conformity with her prior training and experience. We attach little weight to this objection. She admitted that she was capable of performing the work and that she would have accepted the position except for the wage rate and her assumption that there was "no chance of advancement." A reference to claimant's testimony in which she described

more particularly her duties with the Aldan Rubber Company, the last employer, shows that the duties were performed not in the office but in the shop, and consisted of placing tickets on rolls of cloth which passed through the plant in the course of a process of rubberizing. While this task differs somewhat from that of placing nuts and bolts in vents, we are not convinced that the difference was so great as to render the proffered work unsuitable.

Decision is affirmed.