Wolovich Unemployment Compensation Case.

Glen Alden Coal Company, Appellant, *v.* Unemployment Compensation Board of Review.

Argued March 6, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Franklin B. Gelder*, with him *J. H. Oliver*, for appellant.

*William L. Hammond*, Special Deputy Attorney General, with him *Roland M. Morgan*, Associate Counsel, and *Charles J. Margiotti*, Attorney General, for appellee.

OPINION BY ROSS, J., July 19, 1951:

In this unemployment compensation case, the base-year employer has appealed from an award of benefits made by the Board of Review.

The claimant, Harry Wolovich, was last employed as a welder by Sun Shipbuilding and Dry Dock Company (hereinafter referred to as the last employer) for approximately 11 months, his last day of work being December 7, 1949, on which date he was laid off due to lack of work. He, then, was offered work by the appellant as a miner's laborer at $12.40 a day. He refused this proffered employment although for 14 months prior to his employment by his last employer he had been employed by the appellant in the same job which was proffered to him. His earnings with his last employer ranged from $75 to $100 a week.

The Board of Review based its decision on the ground that the work offered by the base-year employer was not suitable, and hence that there was no basis for claimant's disqualification under section 402(a) of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897 as amended, 43 PS 802. It was the position of the Board that the claimant was entitled to a reasonable opportunity to find work at a rate of pay commensurate with the pay he received from his last employer.

We are all agreed that the principle relied upon by the Board is not applicable to the facts of the present case. It is true that where an employe is referred to a position which pays a wage materially lower than the wage last earned, the employe may be justified in refusing such a referral while seeking employment at a rate of pay more commensurate with his previously demonstrated earning capacity. *Haug Unemployment Compensation Case*, 162 Pa. Superior Ct. 1, 56 A. 2d 396. This policy of the Board was approved by this Court during the period of industrial reconversion following World War II (*Fuller Unemployment Compensation Case*, 159 Pa. Superior Ct. 74, 46 A. 2d 510; *Davis Unemployment Compensation Case*, 159 Pa. Superior Ct. 77, 46 A. 2d 512), yet even within that period we held that the doctrine of the *Fuller* case must be confined to cases revealing similar facts. *Brilhart Unemployment Compensation Case*, 159 Pa. Superior Ct. 567, 49 A. 2d 260. At the time this claimant refused the employment offered by the appellant, the reconversion period had ended and we must, therefore, examine critically a refusal of proffered employment based upon a principle which evolved under different economic conditions, particularly when that proffered employment is the same job held by the claimant while he was employed by the base-year employer. Under the circumstances in this case, it is our opinion that the dis-

parity in wages between the last employment of the claimant and his proffered employment is no justification for the claimant's refusing the job offered to him by the appellant.

Section 402(a) of the Unemployment Compensation Law, supra, provides: "An employe shall be ineligible for compensation for any week— . . . In which his unemployment is due to failure, without good cause, either to apply for suitable work . . . or to accept suitable work when offered to him by the employment office or by any employer . . ." Unquestionably the work was "suitable"—the claimant was offered the same job he had performed for the appellant for 14 months prior to his 11-month period of employment with the Sun Shipbuilding and Dry Dock Company. Although "good cause" is not defined in the statute, we have often stated that "sound policy requires that a claimant who refuses employment may remain eligible for benefits only where there is some necessitous and compelling reason for the refusal of work". *Suska Unemployment Compensation Case*, 166 Pa. Superior Ct. 293, 70 A. 2d 397, and cases cited therein. In this case there is no "necessitous and compelling" reason for a refusal of work.

The decision is reversed.