169 Pa. Superior Ct. 124 (1951)
Misinkaitis Unemployment Compensation Case.
Glen Alden Coal Co.
v.
Unemployment Compensation Board of Review.
Superior Court of Pennsylvania.
Argued March 6, 1951.
July 19, 1951.
*125 Before RHODES, P.J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.
Franklin B. Gelder, with him J.H. Oliver, for appellant.
William L. Hammond, Special Deputy Attorney General, with him Roland M. Morgan and Charles J. Margiotti, Attorney General, for appellee.
OPINION BY ROSS, J., July 19, 1951:
In this unemployment compensation case, the base-year employer has appealed from an award of benefits made by the Board of Review.
*126 The claimant, Peter Misinkaitis, was last employed by the Eastern Auto Forwarding Company as a truck driver hauling Chryslers, for approximately eight months, his last day of work being November 10, 1949, on which date he was laid off from his employment due to "model changes effected by the Chrysler Corporation" and at the time of his layoff he was informed that he would be recalled within "two to five weeks" and as a matter of fact he was recalled in five weeks. Immediately after his layoff, he was offered employment by the base-year employer in the same job he had held prior to his leaving its employ. He refused the proffered employment because of the disparity in wages and the fear that he would not be re-employed in the higher paying employment from which he was temporarily laid off.
During his employment with his last employer the claimant's earnings ranged from $110 to $115 a week. The employment offered to him by the base-year employer paid $13 a day.
The board concluded that the work offered by the appellant and refused by the claimant was not "suitable work", stating as the basis of its decision: ". . . claimant had established himself in the occupation of a truck driver and, over a substantial period of time, has demonstrated that he has a wage earning capacity between $110.00 and $115.00 per week. In addition to this fact, claimant had been employed only five days at the time the offer in question was made and, on the basis of the condition of the labor market and the promise of reemployment by his last employer, it is evident that he had a reasonable opportunity and expectation of resuming his former employment within a short time. Indeed, this is confirmed by the fact that claimant was reemployed about a month later. On the other hand, the work offered to claimant would have paid a wage of approximately fifty per cent of his demonstrated *127 earning capacity. To have required the claimant to accept this work and lose or at least lessen his opportunity for resuming his prior employment, would have worked a substantial hardship upon the claimant."[1]
To the extent that the conclusion of the board of review was influenced by the testimony tending to show that the claimant would have forfeited his former job as the result of being expelled from his union, it is invalid. Barclay White Co. v. Unemployment Compensation Board, 356 Pa. 43, 50 A. 2d 336, squarely decides that a claimant does not have good cause to refuse suitable work on the ground that to do so would result in his suspension or expulsion from his union; and by necessary implication that such a circumstance does not prevent the proffered employment from being "suitable work". Consequently, the only other question presented by this appeal is whether a claimant having a demonstrated earning capacity of $110 to $115 a week, and who expects to be recalled to employment paying that wage within two or three weeks, is justified in refusing proffered employment with his base-year employer on the single ground that the wages are not commensurate with those of his last employment. We are agreed that the question must be answered in the negative.
The statute disqualifies a claimant who refuses to accept referred suitable employment without good cause. Unemployment Compensation Law of December 5, 1936, P.L. (1937) 2897, section 402(a), as amended by the Act of May 29, 1945, P.L. 1145, section 9, 43 PS 802. And section 4(t) of the same Act, 43 PS 753, provides, inter alia: "`Suitable Work' means all *128 work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence."
"We have recognized that, where an employee is referred to a position which pays a wage materially lower than the wage last earned, the employee may be justified in refusing such a referral while seeking employment at a rate of pay more commensurate with his previously demonstrated earning capacity. The right to decline work for this reason is not, however, without qualification; the employee is entitled only to a reasonable opportunity to obtain work at a satisfactory wage rate." Haug Unemployment Compensation Case, 162 Pa. Superior Ct. 1, 3, 56 A. 2d 396. The reason for permitting a claimant to refuse proffered work paying wages materially lower than his former employment is to afford him a reasonable opportunity to seek employment at a rate of pay more commensurate with his demonstrated earning capacity. To grant such opportunity to a claimant such as the present one who is admittedly merely marking time for several weeks until recalled to his former employment is to extend "an invitation to a compensated rest". It is very unlikely that Misinkaitis, limiting as he did his availability for work to a period of two to five weeks, could discover an employer willing to pay him *129 wages commensurate with those paid by his former employer, no matter how much time was devoted to the search. When the reason for the rule does not exist, the rule must give way.
Fuller Unemployment Compensation Case, 159 Pa. Superior Ct. 74, 46 A. 2d 510, is distinguishable from the present case. In it the claimant did not limit her availability for permanent work, and hence had a reasonable expectation of being able to find work at a wage commensurate with her former employment. Further, the wages paid by the former employer were not so high as to preclude the idea of finding work at a comparable rate of pay within a reasonable time. The claimant in the Fuller case was being asked by the appellant to reduce materially her standard of living without being given a reasonable opportunity to secure employment which would enable her to maintain her standard of living. The present claimant is being asked merely to avail himself of the opportunity to support himself awaiting recall to an employment paying high wages.
The decision is reversed.
NOTES
[1] "The testimony indicates that claimant was informed by his union that the acceptance of work such as that offered would result in his expulsion from the union of which he was a member."