Boyland Unemployment Compensation Case.

Argued October 9, 1953. Before RHODES, P. J., HIRT. RENO, ROSS and WRIGHT, JJ.

*Evelyn D. Boyland,* appellant, in propria persona.

*William L. Hammond,* Special Deputy Attorney General, for appellee.

OPINION BY ROSS, J., November 11, 1953:

This is an unemployment compensation case in which the claimant, Evelyn Dungan Boyland, has appealed from the disallowance of her claim for benefits by the compensation authorities, who based their decision on the ground that the claimant without good

cause refused to accept suitable work and, therefore, was barred from benefits under Section 402(a) of the Unemployment Compensation Law.

The claimant was employed by the Vick Chemical Company in Philadelphia as a stenographer at a salary of $216 a month for a period of 22 months prior to December 8, 1952, on which date she was laid off. The next day she registered for work and applied for benefits. On January 13, 1953 she was offered and refused a referral to the Philco Corporation in Philadelphia for work as a stenographer at a salary of $48.50 for a five-day week.

The claimant's reasons for refusing to accept the work offered by the employment office are to be found in her testimony before the referee. She testified that when she applied for benefits she was asked "what type of work I was looking for and I said the same type of work I was in except that when I left they [her former employer] told me they felt I should get a job in a smaller office with less people over me and more responsibility. They said they felt that was my type." Although she complained about the salary offered by Philco, when asked by the referee what salary she expected, she answered, "I can't say any particular salary. If I like the place I apply to very much, I would consider it." She stated further, "I have been looking around for a small private business because before I went to Vick's I had been in a small business and everything was much more to my liking, but at that time I was getting married and I got a job that was closer to home." Consequently, it appears that the claimant refused to accept the offered employment because the salary was less than she had received in her former position and for the further reason that she preferred to work in a smaller office where she would have more responsibility.

Section 402(a) of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897 as amended, 43 PS sec. 802, provides, inter alia: "An employe shall be ineligible for compensation for any week . . . In which his unemployment is due to failure, without good cause . . . to accept suitable work when offered to him by the unemployment office or by any employer . . ." In *Suska Unemployment Compensation Case*, 166 Pa. Superior Ct. 293, 70 A. 2d 397, at page 296, we stated: "Although the principal objective of unemployment legislation is to alleviate economic distress in individual cases, sound policy requires that a claimant who refuses employment, may remain eligible for benefits only where there is some necessitous and compelling reason for the refusal of work."

Here the work offered claimant was, of course, "suitable". It was the same general type of work she had performed for her former employer. The slight disparity in wages between the last employment of claimant and her proffered employment does not constitute "good cause" for refusing suitable work (*Wolovich Unemployment Compensation Case*, 169 Pa. Superior Ct. 356, 82 A. 2d 64), and certainly her desire to work in a small office furnishes no "necessitous and compelling" reason for refusing the referral to the Philco Corporation.

Decision affirmed.