Toporovich Unemployment Compensation Case.

Argued March 15, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

No argument was made nor brief submitted for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY RHODES, P. J., July 21, 1955:

Claimant refused a referral offer of suitable work for the following reasons: (1) The rate of pay was lower than he had received in his last employment; (2) he felt the possibilities of obtaining the desired type of work might be lessened if he accepted other employment; (3) the proffered work was only temporary.

The Unemployment Compensation Board of Review held that relator was ineligible to receive benefits under section 402 (a) of the Unemployment Compensation Law, as amended, 43 PS §802 (a), because of his refusal to accept the referral. Claimant has appealed to this Court.

Claimant, a resident of the State of New York, was last employed by Jacob Ruppert Brewery, 1639 Third Avenue, New York, New York, for approximately ten days. He had been employed previously with Walsh, Perini, Groves & Slattery, in Morrisville,

Pennsylvania, at a daily wage of $20. His duties included work as a timekeeper. He was laid off from this employment on August 29, 1953, registered for work, and filed an application for benefits against the Commonwealth of Pennsylvania on September 7, 1953. In accordance with interstate appeal procedure, a hearing was held before a referee in New York City on December 16, 1953, and the testimony obtained at said hearing was offered in evidence at a duly scheduled hearing before a referee in Bristol, Pennsylvania, on January 5, 1954. The referee in Pennsylvania disallowed benefits.

On November 20, 1953, claimant was offered by the Employment Service in the State of New York a referral to a temporary position with the United States Post Office Department in New York City as a helper, including clerical work, at a wage of $1.56½ cents per hour plus a 10 per cent bonus for night shift work. Claimant had been out of work for nearly three months except for a few days' work on a day to day basis for Jacob Ruppert Brewery. He had no special training or experience which would remove the proffered employment from the scope of his prior training and experience.

It is obvious that claimant was not interested in obtaining immediate employment. He wanted a job as a "sand hog." The disparity in wages was incidental to the refusal as claimant had been unemployed for a considerable period and wished to continue to wait until the desired employment materialized. His belief that his chance of obtaining such employment might be lessened if he accepted other work does not constitute "good cause" for refusal of suitable work. When claimant refused the employment offered he had had a reasonable opportunity to obtain work at a satisfactory wage rate.

The fact that the offered work was temporary is no excuse and does not justify a refusal. *Sweeney Unemployment Compensation Case,* 177 Pa. Superior Ct. 243, 249, 250, 110 A. 2d 843.

Claimant's passive attitude was indicative of want of good faith; and the board properly found that his personal election to refuse the proffered work and remain unemployed was not for good cause.

Decision is affirmed.