Pompa Unemployment Compensation Case.

Argued April 12, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Johanna Pompa,* appellant, in propria persona.

*William L. Hammond,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY GUNTHER, J., July 21, 1955:

The question raised by this appeal in an unemployment compensation case is whether claimant is disqualified to receive unemployment compensation benefits because of her refusal to accept work offered to her. She received compensation for four months after her prior work terminated. Then in July, 1954, her benefits were cut off when she failed to apply for a

job to which she was referred by the State Employment Service. She appealed and both the referee and the board of review upheld the bureau in denying her compensation by virtue of Section 402(a) of the Unemployment Compensation Law, which provides that "an employe shall be ineligible for compensation for any week —(a) In which his unemployment is due to failure, without good cause . . ., to accept suitable work when offered to him . . . by any employer . . ."

Claimant was last employed as a shop worker at an electric company at a wage of $1.05 an hour. The job offered to her was that of a laborer-packer at a paper company at a wage of 75 cents an hour. ·· The work consisted of counting sheets of paper, folding and packing them and would have lasted from July until December, a period of about five months. Claimant failed even to apply for the job for the reasons that the wages were lower than before and that she heard that the working conditions were unsatisfactory. The employment bureau had checked and approved the conditions at this particular plant.

A claimant who seeks benefits must at all times be ready and willing to accept suitable employment, and must have substantial and reasonable grounds for refusing offered work. *Sweeney Unempl. Comp. Case,* 177 Pa. Super. Ct. 243, 110 A. 2d 843. It is patent from this record that substantial, compelling reasons did not exist for claimant's refusal to apply for the job offered her. There is no question about her ability to perform the work. Her ideas concerning the allegedly unsatisfactory working conditions were all due to hearsay and she made no attempt to ascertain their truth by visiting the company and discussing the work with the employer, which raises the question of her good faith. See *Hassey Unempl. Comp. Case,* 162 Pa. Superior Ct. 14, 56 A. 2d 400. Although the wages of-

fered were lower than her previous employment, she cannot be permitted to decline on that ground for an indefinite time, but is entitled only to a reasonable opportunity to obtain work at the same wages. *Misinkaitis Unempl. Comp. Case,* 169 Pa. Superior Ct. 124, 82 A. 2d 74. She had been receiving compensation for four months and it is reasonable to conclude that she previously failed to seek work at her prior wage rate or that such work was unavailable. Perhaps the basic reason for her failure to apply was as she stated in her short brief to this court that she felt she has the right to refuse at least one job. Her brief exhibits a further misunderstanding of unemployment compensation when she indicates her belief that she has contributed to the compensation fund by deductions from her wages, whereas, in fact, only her employer has contributed, and for the purpose of providing compensation while she is involuntarily unemployed.

Decision affirmed.