Reed Unemployment Compensation Case.

Argued November 15, 1956.  Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Frank P. Ezerski, Jr.,* for appellant.

*Sydney Reuben,* Special Deputy Attorney General, for appellee.

OPINION BY ERVIN, J., December 28, 1956:

This is an unemployment compensation case in which the claimant, Zolla C. Reed, was denied benefits by the bureau, the referee and the Unemployment Compensation Board of Review on the ground that she had refused, without good cause, suitable employment offered to her by the local employment office. The decision of the board of review was based on §402(a) of the Unemployment Compensation Law which provides that "An employe shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause, . . . to accept suitable work when offered to him by the unemployment office . . . ." Claimant has appealed from the board's decision.

Claimant was last employed as office manager and accountant by the G. H. Hillsman Motor Company, Monessen, Pennsylvania, at a weekly salary of $45.00. She had been so employed for approximately 10 years but became unemployed on March 31, 1955 when her employer went out of business. On May 1, 1955 she filed her application for compensation benefits in the local office of the Bureau of Employment Security in Charleroi, Pennsylvania. On May 9, 1955, after she had been unemployed over five weeks, the local employment office offered claimant a job as a bookkeeper with the Pfile Garage in Charleroi at a weekly salary of $40.00. Claimant did not accept this referral nor did she report to the prospective employer because she did not consider the salary adequate and was unable to accept full time employment.

The record fully refutes claimant's contention she did not receive a bona fide offer of employment from

the local employment office. In a signed statement dated May 16, 1955 the claimant acknowledged she received a telephone call from an employe of the local employment office concerning a job vacancy. She also testified before the referee that she had been advised there was a job available as a bookkeeper at a salary of $40.00 per week.

According to her signed statement of May 16, 1955 claimant was unable to accept a full time job because she was available only during the hours from 1:00 to 5:00 p.m. However, in a subsequent statement dated May 23, 1955 and in her testimony at the second hearing before the referee claimant stated she was available for full time work. It is apparent the only reason for claimant's rejection of proffered employment was because of the disparity in salary amounting to $5.00 per week. She testified as follows: "Q. If the salary had been higher you would have taken it? A. Definitely."

There is no question the job offered was "suitable work." It was the same kind of work she had been doing for her previous employer and in the same kind of business. A claimant who seeks benefits must at all times be ready and willing to accept suitable employment, and must have substantial and reasonable grounds for refusing offered work. *Sweeney Unemployment Compensation Case*, 177 Pa. Superior Ct. 243, 110 A. 2d 843. Despite the fact the salary offered was lower than that received in her previous employment, the claimant had been unemployed five weeks and she cannot be permitted an indefinite time to decline work on that ground but is entitled only to a reasonable opportunity to obtain work at the same salary. *Misinkaitis Unemployment Compensation Case*, 169 Pa. Superior Ct. 124, 82 A. 2d 74. Under the circumstances

here involved claimant's failure to accept a position as bookkeeper in a business similar to that in which she was formerly employed solely because of a salary discrepancy amounting to $5.00 per week does not constitute "good cause." Cf. *Pompa Unemployment Compensation Case,* 179 Pa. Superior Ct. 443, 115 A. 2d 772; *Toporovich Unemployment Compensation Case,* 179 Pa. Superior Ct. 36, 116 A. 2d 78. A claimant who refuses to accept suitable work without good cause is ineligible to receive unemployment compensation. *Dower Unemployment Compensation Case,* 179 Pa. Superior Ct. 201, 115 A. 2d 878.

Decision affirmed.