Nygren Unemployment Compensation Case.
Merck & Co., Inc., Appellant, v. Unemployment
Compensation Board of Review.

Argued March 20, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Hayward H. Coburn,* with him *Drinker, Biddle & Reath,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., June 11, 1957:

This is an appeal by an employer from an order of the Unemployment Compensation Board granting compensation to the claimant after she refused an assignment of work on the ground that it was not suitable.

The claimant, Mary S. Nygren, was employed as a packer for three years at appellant's plant in Riverside. She worked on rotating shifts earning $1.44 per hour for day work and $1.49 per hour for night work. On July 29, 1955, she was laid off because the packing department of her employer was transferred to Philadelphia. There is no question as to her eligibility on the basis of her separation from this employment.

Prior to her employment with the appellant, the claimant was employed by Westinghouse Corporation for 7 1/2 years at $1.25 per hour and at Rhem's for 2 1/2 years at $1.33 per hour.

Claimant was declared eligible for compensation by the Bureau of Employment Security and received benefits at the rate of $33 per week.

On November 7, 1955, after claimant had received compensation for ten weeks, the bureau referred her to a store in Danville for a position as a sales clerk at $.60 per hour. She refused to accept this proffered employment, and the Bureau of Employment Security thereupon, under the provisions of section 402 (a) of the Unemployment Compensation Law, refused her further compensation. She appealed, and a referee, after hearing, decided the bureau's action was proper. She thereupon appealed to the board which reversed the referee and held that she was entitled to compensation on the ground that the proffered employment was not suitable because of the disparity in wages. From its order her last employer, Merck & Company, Inc., has appealed to this Court.

Section 402 of the Unemployment Compensation Law (43 PS §802(a)) provides that "An employee

shall be ineligible for compensation for any week—(a) in which his unemployment is due to failure, without good cause, . . . to accept *suitable work* when offered to him by the employment office or by any employer . . ." (Emphasis supplied.)

Section 4(t) of the law (43 PS §753(t)) defines suitable work as follows: " 'Suitable Work' means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence. However, notwithstanding any other provisions of this subsection no work shall be deemed suitable in which (1) the position offered is vacant, due directly to a strike, lockout, or other labor dispute, or (2) the remuneration, hours or other conditions of the work offered are substantially less favorable to the employe than those prevailing for similar work in the locality, or (3) as a condition of being employed, the employe would be required to join a company union, or to resign from, or refrain from joining, any bona fide labor organization."

The question here is whether the employment offered the claimant was suitable work as defined above.

The hourly rate of pay in the proffered employment was approximately 40% of the hourly rate of pay which she had been receiving for several years. This is a substantial reduction, but a reduction of this percentage

standing alone would not warrant holding that the proffered work was not suitable. See *Misinkaitis Unemployment Compensation Case,* 169 Pa. Superior Ct. 124, 82 A. 2d 74 (1951) where proffered employment paying $13 per day was held to be suitable employment for a claimant who had been receiving $110 to $120 per week.

The rate of pay for the employment offered the claimant was 15¢ an hour lower than the then federal minimum wage. Although the proffered employment was not subject to the federal minimum wage law, and the fact that the hourly rate was so low would not alone make the proffered work unsuitable, it is, nevertheless, a matter which is proper to consider.

The claimant was receiving $33 per week unemployment compensation.[1] She was offered employment which would have paid her $25.80 gross per week for 43 hours work. It does not seem reasonable that one should receive less for working than for being unemployed. What the remedy is for this anomalous situation depends upon whether it is viewed from the standpoint of the recipient of benefits or from the standpoint of the last employer whose contributions may be increased. It is our opinion that full time employment which pays less than the compensation benefits being paid to the one proffered the employment, does not necessarily make such employment unsuitable, but that it is a matter which should not be ignored, but should be considered along with other matters in determining whether the proffered work is suitable.

We are not impressed with the suggestion that claimant should have been entitled to more time to look for employment which paid higher wages.

---

[1] Part of the time she was working one day a week earning $5 for which no reduction in compensation was made. Her income was thus $38 per week.

During the reconversion following World War II a reasonable time was given a discharged employee to search for employment in which he could utilize his highest skill at wages comparable to his previous earnings and where, within a short time after his discharge, he was offered employment at a substantially lower salary than his previous employment, it was held to be unsuitable work. *Fuller Unemployment Compensation Case,* 159 Pa. Superior Ct. 74, 46 A. 2d 510 (1946), *Davis Unemployment Compensation Case,* 159 Pa. Superior Ct. 77, 46 A. 2d 512 (1946). This principle, however, has been limited by *Brilhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 49 A. 2d 260 (1946) and *Wolovich Unemployment Compensation Case,* 169 Pa. Superior Ct. 356, 82 A. 2d 64 (1951).

In the latter case it was said: "It is true that where an employe is referred to a position which pays a wage materially lower than the wage last earned, the employe may be justified in refusing such a referral while seeking employment at a rate of pay more commensurate with his previously demonstrated earning capacity.

"At the time this claimant refused the employment offered by the appellant, the reconversion period had ended and we must, therefore, examine critically a refusal of proffered employment based upon a principle which evolved under different economic conditions, . . ."

See also *Haug Unemployment Compensation Case,* 162 Pa. Superior Ct. 1, 56 A. 2d 396 (1948).

We are not impressed with the claimant's suggestion that among the reasons a low rate of pay makes it unsuitable work is because she would be required to pay a baby sitter. Ordinarily, where one has obligations to care for children, she will not be eligible for benefits if she refuses work as unsuitable only because the difference between the proffered wage and the cost of the baby sitter is small.

The evidence here indicates that the claimant made a conscientious effort to obtain employment, and expressed a willingness to accept a position at a substantially lower wage rate than the one from which she was discharged. Her good faith is important.

"Good faith, in this context, embraces not only the merely negative virtue of freedom from fraud but also positive conduct which is consistent with a genuine desire to work and to be self-supporting. Good faith never resides in a claimant who is seeking to take advantage of his benefit rights in order to have a compensated vacation from work." *Brilhart Unemployment Compensation Case,* supra, 159 Pa. Superior Ct. 567, 569, 49 A. 2d 260.

Here the proffered employment was at a wage of approximately 40% of that which the claimant had received for a number of years; it was at a gross salary substantially less than the amount of compensation which she had been receiving; it was at an hourly rate which was exceedingly low.

Although any one of these three conditions above would not have justified the board's conclusion that the proffered employment was not suitable work, we are of the opinion that considering the three together we should not disturb the conclusion of the board that the proffered employment was not suitable work.

Order affirmed.