## Cicerella Unemployment Compensation Case.

64

Submitted November 12, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Stella M. Cicerella,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY ERVIN, J., January 21, 1958:

This is an unemployment compensation case in which the claimant, Stella M. Cicerella, was denied benefits by the bureau. On appeal the referee reversed the bureau and allowed the claim. The Board of Review, upon further appeal, reversed the referee and reinstated the bureau's decision denying benefits. The decision of the Board of Review was based on §402a of the Unemployment Compensation Law, which provides

that "An employe shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause, . . . to accept suitable work when offered to him by the employment office. . . ." Claimant has appealed from the board's decision.

The claimant was last employed as a secretary by the Lincoln National Life Insurance Company, Pittsburgh. She had been employed by this company for 31 years and was earning approximately $333.00 a month at the time she was laid off. Her last day of work was November 9, 1956, on which date the employer moved its office to Fort Wayne, Indiana. On February 7, 1957, approximately three months later, the claimant was referred by the employment service to a secretarial position with Methods Engineering, Pittsburgh, at a salary of $250.00 a month. The board found that "Claimant refused to accept this referral because she felt that the salary offered was too low." There is adequate evidence in the record to substantiate this finding. A claimant who seeks benefits must at all times be ready and willing to accept suitable employment and must have substantially reasonable grounds for refusing the offered work. *Haug Unemployment Compensation Case*, 162 Pa. Superior Ct. 1, 56 A. 2d 396; *Wolovich Unemployment Compensation Case*, 169 Pa. Superior Ct. 356, 82 A. 2d 64; *Boyland Unemployment Compensation Case*, 174 Pa. Superior Ct. 164, 100 A. 2d 129; *Sweeney Unemployment Compensation Case*, 177 Pa. Superior Ct. 243, 110 A. 2d 843; *Pompa Unemployment Compensation Case*, 179 Pa. Superior Ct. 443, 115 A. 2d 772; *Reed Unemployment Compensation Case*, 182 Pa. Superior Ct. 428, 128 A. 2d 112; *Nygren Unemployment Compensation Case*, 184 Pa. Superior Ct. 138, 132 A. 2d 727. Despite the fact the salary offered was lower than that received

in her previous employment, the claimant had been unemployed for approximately three months and she cannot be permitted an indefinite time to decline work on that ground but is entitled only to a reasonable opportunity to obtain work at the same salary. *Misinkaitis Unemployment Compensation Case,* 169 Pa. Superior Ct. 124, 82 A. 2d 74.

. Suitable work is defined in §4(t) of the Law, 43 PS §753(t). The matters to be considered in determining what is suitable work have been fully stated so often and so recently that there is no need to repeat them here. Claimant had performed the duties of a secretary for a period of 31 years and therefore the job offered was one within her capabilities. Although there was a substantial reduction in wages, the referral job paid the prevailing rate for secretarial work in that area and it cannot be considered unsuitable because of the reduction alone. The claimant has not advanced any good reason for her failure to accept the referral to suitable work.

Decision affirmed.