Bentz Unemployment Compensation Case.

Argued September 15, 1959. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Anna Bentz,* appellant, in propria persona, submitted her case.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY RHODES, P. J., November 11, 1959:

Claimant, Anna Bentz, was refused unemployment compensation benefits by the bureau, the referee, and the Board of Review because of her refusal of an offer of suitable work within the meaning of section 402(a) of the Unemployment Compensation Law, 43 PS §802(a). Claimant has appealed.

Claimant was laid off on February 10, 1959, due to a lack of work. Her last employer was Pauker Boys' Wear, Philadelphia. On March 26, 1959, claimant, who had been unemployed for more than six weeks, was referred to the Great Atlantic and Pacific Tea Company, Philadelphia, for a position as a comptometer operator. Claimant reported to the prospective employer, but failed to accept the work offered because she felt the rate of pay was too low, and that there would be no chance for advancement. The referred employment would have paid $50 a week for a thirty-five hour week as compared with $55 per week at claimant's prior employment. The work offered was within claimant's experience and capabilities, and paid the prevailing rate for that type of work in the labor market area. Under the circumstances, the decision of the board denying benefits to claimant under section 402(a) will be affirmed.

A claimant seeking benefits must at all times be ready and willing to accept suitable employment, and must have substantial and reasonable grounds for refusing work offered. *Pompa Unemployment Compensation Case,* 179 Pa. Superior Ct. 443, 445, 115 A. 2d 772. The refusal to accept a referral at wages and conditions which are suitable removes claimant from the class of those involuntarily unemployed, places her

among those who are out of work through their own choosing, and consequently she is not entitled to unemployment compensation. *Sweeney Unemployment Compensation Case*, 177 Pa. Superior Ct. 243, 247, 110 A. 2d 843.

Although there was a slight reduction in wages, the position offered claimant paid the prevailing rate for that type of work in that area; it cannot be considered unsuitable work merely because of the wage discrepancy. *Cicerella Unemployment Compensation Case*, 185 Pa. Superior Ct. 63, 65, 66, 137 A. 2d 853. Claimant is not permitted an indefinite time to decline work for reason of salary, but she is entitled only to a reasonable opportunity to obtain work at the same salary. *Reed Unemployment Compensation Case*, 182 Pa. Superior Ct. 428, 430, 128 A. 2d 112. The *Reed* case is similar to the present case. There claimant was held ineligible for compensation. She had been unemployed for a period of approximately five weeks and refused work paying five dollars per week less than the previous employment. Cf. *Nygren Unemployment Compensation Case*, 184 Pa. Superior Ct. 138, 132 A. 2d 727. Moreover, claimant's belief that there would be no chance for advancement does not supply an element of good cause for refusing the referral, nor does it make the work unsuitable. A refusal of even temporary employment at wages lower than those desired has been held to render a claimant ineligible. *Toporovich Unemployment Compensation Case*, 179 Pa. Superior Ct. 36, 39, 116 A. 2d 78; *Barr Unemployment Compensation Case*, 172 Pa. Superior Ct. 389, 390, 93 A. 2d 877.

The reasons for refusal of offered work must be substantial and reasonable, not arbitrary, whimsical, capricious or immaterial. *Sweeney Unemployment Compensation Case*, supra, 177 Pa. Superior Ct. 243,

248, 110 A. 2d 843. Good cause for refusing a referral rests on good faith, and good faith, as used in this context, includes positive conduct on the part of the claimant which is consistent with a genuine desire to work and to be self-supporting. *Brilhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 569, 49 A. 2d 260. This essential element is absent in the case of this claimant.

Claimant was properly determined to be ineligible for her refusal of suitable work without good cause.

The decision is affirmed.