D'Amato Unemployment Compensation Case.

Argued June 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*James F. Doherty,* with him *Richard S. Hoffman,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., September 12, 1961:

This is an appeal from the decision of the Unemployment Compensation Board of Review disqualifying the claimant, Antonio D'Amato, from eligibility for benefits under the provisions of section 402(a) of the Unemployment Compensation Law, 43 P.S. 802(a).

Claimant was last employed as a cabinetmaker by the Interstate Parlor Frame Company, Philadelphia, Pennsylvania, at $2.00 per hour. His last day of work was April 8, 1960 at which time he had a valid separation therefrom.

On August 26, 1960 claimant received a referral to the Philadelphia Parlor Frame Company. The job proffered to the claimant was that of a cabinetmaker but the wage offered was only $1.75. Claimant refused this employment on the ground that the wages were not in conformity with the union pay scale. Local 77 Upholsterers' and Frameworkers' Union is the exclusive

bargaining agent for the employes of most of the firms engaged in the furniture frame industry in the Philadelphia area, and at the time had a uniform collective bargaining contract with these employers calling for a minimum wage of $2.00 per hour for cabinetmakers. The Philadelphia Parlor Frame Company was operating under the uniform contract with Local No. 77 and the offered wage below the contractual minimum was a patent violation of the collective bargaining agreement. Because of claimant's refusal to accept the proffered employment, compensation benefits were terminated by the Bureau of Employment Security, which decision, upon appeal, was upheld by the Referee and the Board of Review.

This Court has repeatedly held that an unemployment compensation claimant cannot refuse to accept a referral to a job opportunity, if otherwise suitable, merely because the wages or salary of the proffered employment is less than that received in prior employment. *Nygren Unemployment Compensation Case,* 184 Pa. Superior Ct. 138, 132 A. 2d 727; *Bentz Unemployment Compensation Case,* 190 Pa. Superior Ct. 582, 155 A. 2d 461.

A claimant who seeks benefits must at all times be ready and willing to accept suitable employment from the employment office, or from any employer, and must have substantive and reasonable grounds for refusing the offered work. *Pompa Unemployment Compensation Case,* 179 Pa. Superior Ct. 443, 115 A. 2d 772.

The principal objective of the Unemployment Compensation Law is to alleviate economic distress in individual cases. *Suska Unemployment Compensation Case,* 166 Pa. Superior Ct. 293, 70 A. 2d 397. The Law is not designed or intended to implement or to impede collective bargaining between unions and employers. Section 402(d) renders ineligible any employe whose unemployment is due to voluntary suspension of work

resulting from a labor dispute. It logically follows that an individual who refuses employment on the grounds of violation of his union's contract by the employer could not be entitled to benefits, as he is, in effect, involving himself in a one-man labor dispute with the employer. As a member of the union he has delegated his bargaining rights concerning wage scales to the union. Any remedial action deemed necessary for violation of the collective bargaining agreement is the sole concern of the union and its collective membership. It is not within the jurisdiction of the unemployment compensation authorities to render decisions concerning violations of collective bargaining agreements.

Their conclusion from these facts must be that the claimant refused the proffered employment because he found the wages personally unacceptable. It has been held frequently by this Court that mere dissatisfaction with wages does not constitute good cause of a necessitous and compelling nature. *Horning Unemployment Compensation Case,* 177 Pa. Superior Ct. 618, 112 A. 2d 405. Therefore claimant's failure to accept the suitable work renders him ineligible for benefits under section 402(a) of the Unemployment Compensation Law. *Weiland Unemployment Compensation Case,* 167 Pa. Superior Ct. 554, 76 A. 2d 457.

Decision affirmed.