Melder Unemployment Compensation Case.

Argued November 17, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Joanne D. Melder,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., December 14, 1961:

In this unemployment compensation case the bureau concluded that the appellant had refused a referral to suitable work without good cause and therefore was disqualified from receiving benefits under §402(a) of the Law, 43 PS §802(a). The referee reversed the

bureau and held that the proffered referral was not to "suitable work." The board reversed the referee and held that the appellant had refused a referral to suitable work without good cause and that she was therefore disqualified from receiving benefits.

The appellant was last employed as a secretary at a monthly wage rate of $410.00 by Armco Steel Corporation, Pittsburgh, Pennsylvania, for five years until July 31, 1959, her last day of work. On November 28, 1960, almost sixteen months after her last day of work, she was offered a referral by the employment service to a job opening with State Correctional Institute, Pittsburgh, as a stenographer at a weekly rate of $53.50 or $230.00 a month. She refused to accept this referral because the wage offer was too low and because she felt the job was not commensurate with her qualifications.

In *Haug Unemployment Compensation Case,* 162 Pa. Superior Ct. 1, 3, 56 A. 2d 396, the claimant was offered a position at 55 cents an hour whereas she previously had an hourly wage of 90 cents. She had been unemployed for ten months when the referral offer was made. In speaking for this Court President Judge RHODES said: "We have recognized that, where an employee is referred to a position which pays a wage materially lower than the wage last earned, the employee may be justified in refusing such a referral while seeking employment at a rate of pay more commensurate with his previously demonstrated earning capacity. The right to decline work for this reason is not, however, without qualification; the employee is entitled only to a reasonable opportunity to obtain work at a satisfactory wage rate."

In *Pompa Unemployment Compensation Case,* 179 Pa. Superior Ct. 443, 115 A. 2d 772, the claimant refused an offer of 75 cents per hour when her previous wage was $1.05 per hour, and we said, at page 445: "Al-

though the wages offered were lower than her previous employment, she cannot be permitted to decline on that ground for an indefinite time, but is entitled only to a *reasonable opportunity* to obtain work at the same wages. . . . She had been receiving compensation for four months and it is reasonable to conclude that she previously failed to seek work at her prior wage rate or that such work was unavailable." (Emphasis supplied.)

In *Cicerella Unemployment Compensation Case,* 185 Pa. Superior Ct. 63, 137 A. 2d 853, where the claimant refused a job at $250.00 per month after three months of unemployment when her previous rate was $330.00 a month, we said, at page 66: "Although there was a substantial reduction in wages, the referral job paid the prevailing rate for secretarial work in that area and it *cannot be considered unsuitable because of the reduction alone."* (Emphasis supplied.)

In the present case, where the appellant had been unemployed for approximately sixteen months, it is apparent that she has been unable to obtain a position which would pay her as much as she received in her former position because she states that she had been looking for work but was unable to find a job. Sixteen months was certainly a reasonable time to allow appellant for securing a new position.

Appellant also argues that because of her training and prior work history, she was qualified for a more responsible job and that for this reason the proffered referral was not suitable. "Suitable work" as defined by the legislature is "all work which the employe is capable of performing." Appellant was capable of performing the duties of a stenographer and therefore the work was suitable.

Decision affirmed.