## Palmieri Unemployment Compensation Case.

Argued April 10, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Edward R. Schellhammer,* for appellant, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., June 13, 1962:

This is an appeal from the decision of the Unemployment Compensation Board of Review which found the claimant to be ineligible for benefits under the provisions of section 402(a) of the Unemployment Compensation Law, 43 P.S. 802(a).

Claimant was last employed by Ohio Street Restaurant, Johnstown, Pennsylvania, as a waitress, at a wage of $35 per week. Her employment was terminated March 3, 1961, because the restaurant went out of business. On June 29, 1961, claimant accepted a referral card given her by the Pennsylvania State Employment Service for a position as a waitress at the Night Cap Lounge in Johnstown at a wage of either fifty or sixty-five cents per hour, depending on whether or not the claimant elected to eat at the employer's place of business, plus tips. These wages were for a six day work week, five hours per day, from 7:00 P.M. until midnight. Although claimant accepted the referral card, she refused to report to the employer because she was dissatisfied with the wages, even though the wages offered were the prevailing wages in the local labor market for the type of work offered.

This case is analogous to *Cicerella Unemployment Compensation Case,* 185 Pa. Superior Ct. 63, 137 A. 2d 853, in which it was held that a claimant for unemployment benefits is only entitled to a reasonable opportunity to obtain work at the same salary, and cannot decline work for an indefinite time on the ground that the salary offered for another job is lower than salary received in previous employment.

Here, the claimant refused to report to an employer after accepting the job referral card. Her reason for doing so, dissatisfaction with the wage rate, was without "good cause". A claimant who seeks benefits must, at all times, be ready and willing to accept suitable employment from the employment office, or from any employer, and must have substantive and reasonable grounds for refusing offered work. *Bentz Unemployment Compensation Case,* 190 Pa. Superior Ct. 582, 155 A. 2d 461.

Decision affirmed.