Opinion by
Woodside, J.,
The appellant in this unemployment compensation case was denied benefits by the board because she refused to accept a referral to employment.
She had been employed for several years at $280 a month when she was placed on maternity leave of absence on May 15, 1961. Her child was born in October 1961 and her maternity leave expired in December 1961. She did not register for employment or seek unemployment compensation benefits until May 1962, when she qualified and received $33 a week compensation. About that time her former employer decided to move its establishment, and was not employing people from her community. She continued receiving benefits until September 10, 1962, when she was offered employment as a general office clerk at $35 per week. She refused the referral because she believed she was entitled to higher wages.
When she received the work referral, she had been unemployed for 16 months, nine months had passed since her maternity leave had expired and she had been receiving compensation for four months.
Under all the circumstances of this case, the board was justified in denying her further compensation on the ground she had refused to accept suitable work when it was offered to her. See §402(a) of the Unemployment Compensation Law, as amended, 43 P.S. §802(a) ; Haug Unemployment Compensation Law, 162 Pa. Superior Ct. 1, 56 A. 2d 396 (1948); Pompa Unemployment Compensation Case, 179 Pa. Superior Ct. 443, 115 A. 2d 772 (1955); Cicerella Unemployment Compensation Case, 185 Pa. Superior Ct. 63, 137 A. 2d 853 (1958).
The percentage of reduction in wages here was approximately the same as the reduction of wages in the employment offered to the claimant in the Misinkaitis Unemployment Compensation Case, 169 Pa. Superior *248 Ct. 124, 82 A. 2d 74 (1951), in which this court held Compensation should be denied because the claimant refused employment at the lower wage.
In Nygren Unemployment Compensation Case, 184 Pa. Superior Ct. 138, 132 A. 2d 727 (1957), we affirmed the board in granting compensation because the Offered employment was not suitable for a combination of reasons. There were similarities between that case and the case before us, but there were also important differences, as reference to that opinion will show. Furthermore, the proffered wages in that case were 40% of the claimant’s prior wages while here they were over 50% of her prior wages.
Decision affirmed.