CYNTHIA ANGERMEIER PERKINS, Plaintiff-Appellee, v. THE BOARD OF REVIEW OF THE DEPARTMENT OF LABOR *et al.*, Defendants-Appellants.

Second District   No. 84—991

Opinion filed November 6, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks and Candida Miranda, Assistant Attorneys General, of Chicago, of counsel), for appellant.

Cynthia Angermeier Perkins, of Bloomingdale, for appellee, *pro se.*

JUSTICE LINDBERG delivered the opinion of the court:
The Board of Review of the Illinois Department of Labor and

Waukegan Public School Unit District No. 60 appeal the judgment of the circuit court of Du Page County which reversed the decision of the Board denying payment of unemployment compensation to plaintiff, Cynthia A. Perkins. Defendants argue that the Board correctly decided that plaintiff had refused suitable employment, that she is not entitled to unemployment compensation and that the circuit court of Du Page County erred in reversing that decision.

Plaintiff began working as a speech therapist for the Waukegan school district in 1979. In 1981, the school District additionally appointed her co-chair of the speech-language department, a position which included administrative responsibilities. Plaintiff continued to perform speech therapy in this position. Her duties included 50% clinical work and 50% administrative work. She received a yearly salary of $20,668 including a $168 yearly stipend for the position of co-chair of the speech-language department. The co-chair was an annually appointed position.

On April 6, 1983, plaintiff received written notification that she would be honorably dismissed from her duties effective June 8, 1983, due to a decrease in student enrollment and a reduction in State and Federal funding. The school district, in fact, dismissed 5 of 15 speech clinicians. On June 3, 1983, Bill Vickers, plaintiff's direct supervisor, offered plaintiff the position of speech clinician for Head Start at the Carmen School in the Waukegan school district. This position became available because of a retirement and did not include co-chair of the speech-language department. The director of special education already determined that for 1983-84 school year there would be only one chair of the speech-language department. Plaintiff's co-chair had been offered the chair position. Although plaintiff characterized the offered position as entry level, it was a specialized and certified position requiring a master's degree. The higher salary of the offered position, $22,057, was due to plaintiff's length of service with the board of education.

Plaintiff gave written refusal of the offered position on June 15, 1983, and thereafter applied for unemployment insurance benefits on August 14, 1983. She held no other jobs between the time she received notice of her dismissal, April 6, 1983, and the time she refused the offered position, June 15, 1983.

The claims adjudicator determined that plaintiff refused offered work without good cause, thereby making her ineligible for unemployment benefits, pursuant to section 603 of the Unemployment Insurance Act (Ill. Rev. Stat. 1983, ch. 48, par. 433). The referee in turn reversed the adjudicator's determination, concluding that "it was not

unreasonable for the claimant to hold out for administrative work, for which she is qualified, given the fact that, at the time of the offer, she had not exhausted the market for administrative work." The Board of Review reversed the referee's determination, finding that the position offered to plaintiff was suitable in terms of salary, working conditions and job responsibility. On administrative review, the circuit court of Du Page County reversed the decision of the Board, thus extending unemployment insurance benefits to plaintiff.

Defendant contends that plaintiff refused suitable employment without good cause, thus making her ineligible for unemployment benefits. Defendant observes that the only difference between plaintiff's original position and the one offered was the co-chair of the speech-language department, which function provided an annual stipend of $168 and accounted for administrative duties representing 50% of her workday. The record disclosed that plaintiff would receive a length of service increase for the offered position of $1,389 annually, with a resulting salary of $22,057.

Plaintiff argues that the referee correctly found that plaintiff should not be required to accept any reasonable offer of work for which she was qualified when she had not exhausted the market for higher level administrative work. She also relies on the findings of the trial court that the offered job was not suitable because of its negative impact on future job prospects and because of the short period she had to investigate the job market. Plaintiff allows that the negative impact on future job prospects of accepting the offered post is not clearly stated in section 603 (Ill. Rev. Stat. 1983, ch. 48, par. 433), which is the controlling section of the Illinois Unemployment Insurance Act. She contends, however, that the statutory factors are "by no means restrictive," thus allowing other factors to be considered. Portions of plaintiff's argument are based upon statements of alleged fact for which no reference is made to the record nor citation to legal authority and which we must disregard. Supreme Court Rules 341(e)(7) and (f) require that the brief of the appellee shall contain reasons for the appellee's argument and citation to authorities and the pages of the record relied upon. 87 Ill. 2d Rules 341(e)(7), (f).

■ We believe the undisputed dispositive fact in the case at bar is that the position of co-chair was an annually appointed position. As such it was temporary, and we infer that the co-chair appointment was approximately coterminous with the school term and, therefore, expired at or near the end of the school year. Plaintiff neither claims nor cites any authority for a claim to an appointment to a second year as co-chair. Therefore, we conclude that the offer of work did not

have to include the continuation of co-chair in order to be considered suitable under the statute. In the offered position she would continue to perform the teaching functions which she had been performing, *sans* the co-chair position. Thus, we conclude the offered position was not rendered unsuitable by reason of the failure to include the co-chair in the offer of the position.

In a case nearly on all fours with the case at bar, the Maine Supreme Court affirmed the denial of unemployment benefits to a work supervisor for the retarded who had been temporarily appointed acting director of the retarded association's facility. When the new director was appointed, the claimant was offered and refused to accept his former position as work supervisor. He considered it unsuitable. The court said:

> "If an individual acquires additional skills and experience over a period of time, a position that he held in earlier years may well cease to be 'suitable employment.' However, merely because claimant worked as an administrator for a few months after he served as a work supervisor does not automatically prevent the previous staff position from being 'suitable' at a later date." (*Clarke v. Maine Unemployment Insurance Com.* (Me. 1985), 491 A.2d 549, 552-53.)

While in the *Clarke* case the association gave special notice to the claimant that the administrative position was temporary pending appointment of a permanent director, plaintiff here does not dispute that the chair position was an annual appointment and, we conclude, temporary.

■ Further a claimant's belief that there would be no chance for advancement in an offered position does not supply an element of good cause for refusing the offered job nor does it make the offered job unsuitable. (*Bentz v. Unemployment Compensation Board of Review* (1959), 190 Pa. Super. 582, 155 A.2d 461.) We believe that it follows that the refusal of a job offer which claimant thinks will have a negative impact on future job prospects also is not an element of good cause for refusing an offered job. The refusal to accept a job offer at wages and conditions which are suitable removes the claimant from the class of those involuntarily unemployed and places her among those who are out of work through their own choosing and consequently she is not entitled to unemployment compensation. 190 Pa. Super. 582, 583-84, 155 A.2d 461, 462.

■ This case is distinguishable from those cited by the plaintiff where the job offered calls for a level of skill and a rate of pay not commensurate with the employee's previous employment. (See

*Mangan v. Bernardi* (1985), 131 Ill. App. 3d 1081, 477 N.E.2d 13; see also *Crocker v. Department of Labor* (1984), 121 Ill. App. 3d 185, 459 N.E.2d 332.) In the case at bar the rate of pay offered is, in fact, higher than that of the previous job. Furthermore, the offered position is squarely within the field of plaintiff's professional training. (See *Clarke v. Maine Unemployment Com.* (Me. 1985), 491 A.2d 549.) Under these circumstances, it can hardly be said that the offered position was unsuitable. We conclude that her refusal of the offered position was due more to personal preference than that the position was unsuitable. As a practical matter, the imposition by plaintiff of the condition of 50% administrative functions of any offered work so limited her availability as to effectively remove herself from the labor market. See *Rosenbaum v. Johnson* (1978), 60 Ill. App. 3d 657, 377 N.E.2d 258, 260.

The judgment of the circuit court of Du Page County is reversed.

Reversed.

NASH, P.J., and SCHNAKE, J., concur.